IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE LUIS VILLA-SORI,

     Petitioner,

v.                                                                                                  No. 26-cv-0902-MIS-JFR

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
TODD LYONS, Acting Director
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, U.S. Department
Of Homeland Security; and PAMELA
BONDI, U.S. Attorney General,

     Respondents,[1]

## ORDER TO SHOW CAUSE AND ENJOINING TRANSFER

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2241 (ECF 1) (Petition). Petitioner is an immigration detainee at the Otero County Processing

Center (OCPC) and is proceeding *pro se*. The exhibits to the Petition reflect he has been in the

United States since at least 2019. ECF 1 at 12. The Petition alleges Petitioner was detained on

January 19, 2026 without due process. *Id.* at 6. He seeks an immediate release from custody or a

bond hearing. *Id.* at 7.

Having reviewed the record, the Petition raises a colorable claim for relief. The Clerk's

---

[1]     The Court will add the above-mentioned parties as Respondents in this case. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Office served Respondents—including the Respondents added in this Order—with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241. Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2.

Within ten (10) business days of entry of this Order, the United States Attorney's Office (USAO) shall respond to the Petition and show cause why the requested relief should not be granted. Respondents are reminded that this Court has already decided certain issues that appear to be presented by the Petition. *See Lopez-Romero v. Lyons*, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing); *Singh v. Noem*, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); *Intriago-Sedgwick v. Noem*, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), *report and recommendation adopted* No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); *see also* Order Granting Petition for Writ of Habeas Corpus, *Zhao v. Castro*, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (ordering a bond hearing).

In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). *See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); *Barco Mercado v. Francis*, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Ochoa Ochoa v. Noem*, No. 25-cv-10865, 2025

WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

IT IS ORDERED that the USAO shall answer the Petition within ten (10) business days of entry of this Order and show cause, if any, why the Petition should not be granted.

IT IS FURTHER ORDERED that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action.

IT IS FINALLY ORDERED that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3